UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE ANN RUSSELL,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA; DR. LAURA MILLER MD; DR. STACEY CHARAT MD; DR. ALLYSON DAVIS MD; and OTHER INDIVIDUALS,<br><br>　　　　　　　　　Defendants. | Case No.: 21cv1029-LL-MDD<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 28]** |

　　　Pending before the Court is Plaintiff's "Request for Court Appointed Attorney; motion for relief from the original judgement" which the Court construes as Plaintiff's Renewed Motion for Appointment of Counsel. ECF No. 28. Plaintiff Russell proceeding pro se and in forma pauperis, filed her Complaint for medical negligence against the named Defendants on May 28, 2021. ECF No. 1. On June 28, 2021, Judge Sabraw issued an Order Denying Plaintiff's Motion for Appointment of Counsel. ECF No. 4. On January 7, 2022, this case was transferred to the undersigned Judge. ECF No. 13.  For the reasons stated herein, Plaintiff's Renewed Motion for Appointment of Counsel [ECF No. 28] is **DENIED WITHOUT PREJUDICE**.

As the Court previously explained, there is no constitutional right to counsel in a civil case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). The Court has discretion in "exceptional circumstances" under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer*, 560 F.3d at 970. Determining whether "exceptional circumstances" exist requires consideration of both (1) a plaintiff's likelihood of success on the merits" and (2) whether the [Plaintiff] "is unable to articulate [her] claims in light of the complexity of the issues involved." *Palmer*, 560 F.3d at 970; *see also Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *see Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "Neither of these considerations is dispositive and must be viewed together." *Palmer*, 560 F.3d at 970.

In her most recent request for appointment of counsel, Plaintiff claims that "there are now 'exceptional circumstances' that demonstrate that the judgment is manifestly unjust." Motion at 1. Specifically, Plaintiff claims that she "is no longer physically and medically capable and doesn't have the ability to represent pro se and doesn't have the ability necessary due to the complexity of the legal issues involved and medical conditions." *Id.* at 2. Plaintiff further claims that she 'has no legal background" and has "exhausted all means of trying to obtain counsel on contingency basis." *Id.*

The Court is mindful of Plaintiff's claimed medical issues. However, Plaintiff's current circumstances are insufficient to demonstrate the "exceptional circumstances" required to justify appointment of counsel. Here, Plaintiff's purported impairments have not prevented her from articulating her request for counsel. ECF No. 28. Indeed, Plaintiff's writing in every submission to the Court (including her most recent motion) is clear and cogent. Plaintiff's Renewed Motion for Appointment of Counsel is organized into sections including "Introduction," "Argument" and "Conclusion" and relies on legal authority including, but not limited to, "*Schroeder v. Johnson*" and "*Terrell v. Brewer*." *Id.* With respect to Plaintiff's claim that she "has no legal background," indeed, in many cases pro se plaintiffs do not have legal training. Limited education is not sufficient to meet

exceptional circumstances. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (upholding denial of appointment of counsel where plaintiff complained that he had limited access to a law library and lacked a legal education).

Finally, it is still too early to determine whether Plaintiff's claims will survive a motion for summary judgment. Plaintiff offers no evidence other than her assertions to support the claims in her Complaint. *See Garcia v. Smith*, No. 10-cv1187-AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment). Thus, the likelihood of success on the merits of her claims has not been established.

For the reasons stated herein, Plaintiff's situation does not rise to "exceptional circumstances" warranting appointment of counsel. Accordingly, Plaintiff's request for appointment of counsel (ECF No. 28) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: August 9, 2022

Honorable Linda Lopez
United States District Judge