UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE ANN RUSSELL,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Defendant. | Case No.: 21cv1029-LL-MDD<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S SEPTEMBER 21, 2022 ORDER**<br><br>[ECF No. 38] |

　　　　Before the Court is Plaintiff's Objection to Magistrate Judge Mitchell D. Dembin's September 21, 2022 Order [ECF No. 37] that denied Plaintiff's request to modify the case scheduling order to permit ninety additional days for discovery so that she may file a motion to stay the case and appeal the denial of her requests for appointed counsel. ECF No. 38. After reviewing the magistrate judge's Order, Plaintiff's arguments, and the relevant case law, the Court overrules Plaintiff's objection for the reasons set forth below.

　　　　A party may file objections to magistrate judge orders on pretrial matters within fourteen days after being served with a copy. Fed. R. Civ. P. 72. The district court reviews whether the decision is "clearly erroneous or is contrary to law." *Id.*; *see also Osband v. Woodford,* 290 F.3d 1036, 1041 (9th Cir. 2002) (citing 28 U.S.C. § 636(b)(1)(A)). "The 'clearly erroneous' standard applies to factual findings and discretionary decisions

made in connection with non-dispositive pretrial discovery matters." *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). "Clearly erroneous" review is "significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). The "contrary to law" standard permits the district judge to independently review purely legal determinations by the magistrate judge. *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999).

Plaintiff timely filed her objection to the Order denying her request to modify the case scheduling order, which is a non-dispositive pretrial discovery matter. Consequently, the Court will modify or set aside the Order only if it has a "definite and firm conviction that a mistake has been committed."

Plaintiff refutes the magistrate judge's finding that she has not been diligent in her prosecution or discovery obligations by detailing her communications with opposing counsel, her reasons for refusing to sign the proposed medical release, her ongoing serious health issues, and lack of legal help. ECF No. 38.

The Court does not find the magistrate judge's order was clearly erroneous. In deciding whether the case scheduling order should be modified, the magistrate judge applied the correct legal standard and properly looked to Plaintiff's reasons for seeking the continuance and whether she had been diligent. ECF No. 37 at 2. The magistrate judge considered the reasons Plaintiff reiterates here but found that Plaintiff's refusal to provide a medical release or records was preventing the case from moving forward. *Id.* at 3–4. Plaintiff was ordered by the magistrate judge to help resolve this impasse by responding to Defendant's motion to compel release of her medical records by August 29, 2022. ECF No. 32. However, Plaintiff failed to respond. ECF No. 37 at 4. The magistrate judge found Plaintiff did not demonstrate diligence when she missed deadlines and ignored court orders, and thus found no good cause for a ninety-day continuance to allow Plaintiff to file a motion to stay and to appeal her denial of motions to appoint counsel. *Id.* at 4. The Court does not have a definite and firm conviction that a mistake was committed when the

magistrate judge reached these conclusions. Accordingly, the Court **OVERRULES** Plaintiff's objection to Magistrate Judge Mitchell D. Dembin's September 21, 2022 Order.

**IT IS SO ORDERED.**

Dated: November 10, 2022

Honorable Linda Lopez
United States District Judge