UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE ANN RUSSELL,<br><br>                                        Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>                                        Defendant. | Case No.:  21cv1029-LL-MDD<br><br>**ORDER DENYING MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND ISSUING ORDER**<br><br>[ECF No. 45] |

Before the Court is Defendant United States' Motion to Dismiss for Failure to Prosecute or, in the Alternative, for Summary Judgment (hereinafter "Motion to Dismiss"). ECF No. 45. The Motion to Dismiss is based on Plaintiff's failure to comply with federal rules and the Court's orders. *Id.* at 1–2. Plaintiff, proceeding pro se and *in forma pauperis*, filed a document titled "Memorandum for the Southern District Court of California" about one and a half months after the deadline to file an opposition to the Motion to Dismiss. ECF No. 59.

For the reasons set forth below, the Court **DENIES** the Motion to Dismiss. Instead, Plaintiff is **ORDERED** to (1) sign the medical release on or before **March 14, 2023** and (2) produce documents responsive to Defendant's discovery requests on or before **April 4, 2023**.

## I.   BACKGROUND

On May 28, 2021, Plaintiff filed a complaint for medical negligence under the Federal Tort Claims Act alleging that members of the San Diego Veteran Affairs Medical Center failed to investigate and timely diagnosis her breast cancer despite her repeated complaints of chest pain over more than two years, resulting in metastasis, delayed treatment, and additional pain and suffering. ECF No. 1.

When Plaintiff refused to participate in a Rule 26(f) conference or in preparing a joint discovery plan with opposing counsel, the Court held a status conference on May 12, 2022 and instructed Plaintiff about discovery requirements, scheduling order deadlines, and her obligations to prosecute the case, including a medical release for her records. *See* ECF Nos. 24; 37 at 2–3. The Court subsequently issued a scheduling order that set the deadline for fact and expert discovery on October 12, 2022. ECF No. 27 at 2.

Between May 12, 2022 and August 12, 2022, Defendant attempted to obtain a medical release from Plaintiff numerous times by mail, phone, email, and text message. ECF No. 45 at 3; ECF No. 30-1, Declaration of Leslie Gardner in support of Defendant's ex parte application to compel Plaintiff's release of her medical records and compliance with discovery requirements ("Gardner Decl."), ¶¶ 7–24. Plaintiff also failed to provide initial disclosures, respond to Defendant's requests for production and interrogatories, or designate expert witnesses. ECF No. 45 at 3; Gardner Decl. ¶¶ 7–26.

On August 12, 2022, Defendant filed an ex parte application to compel Plaintiff to release her medical records and comply with Rules 26(a)(1), 33, and 34 of the Federal Rules of Civil Procedure to provide initial disclosures and respond to interrogatories and requests for production. ECF No. 30. When Plaintiff failed to respond to the motion to compel, the Court issued on September 19, 2022 an order to show cause ("OSC") why it should not dismiss the case for Plaintiff's failure to comply with the Court's order to brief the motion to compel and failure to comply with the discovery deadlines. ECF No. 35. The Court warned that a failure to respond to the OSC in writing by October 3, 2022 could result in dismissal of this case. *Id.* at 6. Plaintiff did not respond to the OSC. However, also

on September 19, 2022, Plaintiff filed a motion to amend the scheduling order governing discovery to allow her time to appeal the Court's denial of her requests for counsel. ECF No. 36. Her motion was denied by the Court. ECF No. 37.

On November 14, 2022, Defendant filed the instant Motion to Dismiss. ECF No. 45. The Court delayed briefing on the Motion to Dismiss until the ruling on the motion to compel was issued. ECF No. 48. On November 22, 2022, the Court granted Defendant's motion to compel and ordered Plaintiff to produce by December 2, 2022 documents responsive to Defendant's discovery requests, including a release for the medical records sought. ECF No. 49 at 5. Plaintiff failed to comply with the Court's order. *See* ECF No. 51. On December 12, 2022, the Court issued a scheduling order for briefing on Defendant's Motion to Dismiss requiring Plaintiff to file her opposition by January 6, 2023. ECF No. 53. Plaintiff did not file an opposition, but instead filed a Memorandum on February 22, 2023 that does not address the Motion to Dismiss. ECF No. 59.

**II.     LEGAL STANDARD**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a lawsuit "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Such a dismissal operates as an adjudication on the merits. *Id.* Additionally, courts have an inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and may dismiss a case sua sponte for lack of prosecution or failure to comply with any order of the court. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citation omitted).

When considering whether to dismiss a case for lack of prosecution, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants,

(4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Id.* (citation omitted).

## III.   DISCUSSION

The first three factors weigh in favor of dismissal. It is apparent to the Court that Plaintiff's failure to cooperate in discovery, as required by the Federal Rules of Civil Procedure, and her failure to comply with the Court's orders has unnecessarily delayed this case. Plaintiff filed her complaint more than twenty months ago, but has produced no discovery, and the deadlines for discovery and expert disclosures have come and gone. This substantial delay supports the first two dismissal factors and weighs in favor of granting the Motion to Dismiss. *See Ferdik*, 963 F.2d at 1261 (finding first two dismissal factors supported the district court's dismissal for lack of prosecution because the case "dragged on for over a year and a half before it finally was dismissed"). The third factor of prejudice to Defendant also weighs in favor of dismissal because Plaintiff's refusal to cooperate in discovery has prevented Defendant from obtaining evidence that is relevant to Plaintiff's medical claims and Defendant's defenses, which also precluded Defendant from obtaining its own expert reports. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (citation omitted) ("A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."). Plaintiff has prejudiced Defendant by refusing to release her medical records, despite an express order from the Court and a determination that they are relevant to her claims. *Id.* (citation omitted) ("Failing to produce documents as ordered is considered sufficient prejudice.").

The fourth and fifth factors weigh in favor of denying the Motion to Dismiss. Public policy favors disposition on the merits. Moreover, the Court is considering a less drastic sanction to right this case such that it can be decided on the merits. Although Plaintiff has been warned once that a failure to respond to the Court's order may result in dismissal of the case, the Court has not yet warned Plaintiff that her failure to sign the medical release and produce documents responsive to Defendant's discovery requests will result in the

dismissal of her case for failure to prosecute and comply with the Federal Rules of Civil Procedure and the Court's orders. *See Ferdik*, 963 F.2d at 1262 (finding a district court's warning to a party that his failure to obey the court's order will result in dismissal satisfied the requirement to consider less drastic alternatives to dismissal).

## IV.   CONCLUSION

The Court finds that the strength of factors four and five outweigh the first three factors and accordingly **DENIES** Defendant's Motion to Dismiss. Instead, Plaintiff is **ORDERED** to (1) sign the medical release on or before **March 14, 2023** and (2) produce documents responsive to Defendant's discovery requests[1] on or before **April 4, 2023**. The Court is sympathetic to Plaintiff's health issues and cognizant of her pro se status, but these do not excuse her violation of the Court's clear order, which found the material to be relevant despite Plaintiff's insistence that the scope of the discovery requested was too broad or unnecessary. Plaintiff may continue to disagree with the Court's finding, but this does not give her permission to disregard the order. **If Plaintiff fails to timely comply with either the order to sign the medical release or to produce documents responsive to Defendant's discovery requests, the Court will dismiss this case with prejudice for lack of prosecution and failure to comply with the Court's orders pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent power to control its docket.**

In light of the above order, the Court finds Defendant's alternative Motion for Summary Judgment to be premature and denies it without prejudice.

/ / /

/ / /

/ / /

---

[1] These include initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), interrogatories, and requests for production and can be found as exhibits to Defendant's August 18, 2022 Ex Parte Application to Compel Plaintiff's Release of her Medical Records and Plaintiff's Compliance with Federal Rules of Civil Procedure 26(a)(1), 33, and 34. ECF No. 30.

1      Finally, the Court **DIRECTS** the Clerk's Office to attach to this Order a copy of Docket No. 30 and its exhibits when it mails this Order to Plaintiff. *See supra* note 1.

     **IT IS SO ORDERED**.

Dated: February 28, 2023

                      Honorable Linda Lopez
                      United States District Judge