UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE ANN RUSSELL,<br><br>                                    Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>                                    Defendant. | Case No.:  21cv1029-LL-MDD<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

Plaintiff Christine Ann Russell, proceeding pro se and *in forma pauperis*, filed a complaint for medical negligence in 2021. ECF No. 1. For the reasons discussed below, the Court **DISMISSES** the case **WITH PREJUDICE** for failure to prosecute and for failure to comply with the Court's orders.

**I.     BACKGROUND**

On May 28, 2021, Plaintiff filed a complaint for medical negligence under the Federal Tort Claims Act alleging that members of the San Diego Veteran Affairs Medical Center failed to investigate and timely diagnosis her breast cancer despite her repeated complaints of chest pain over more than two years, resulting in metastasis, delayed treatment, and additional pain and suffering. ECF No. 1.

When Plaintiff refused to participate in a Federal Rule of Civil Procedure 26(f) conference or in preparing a joint discovery plan with opposing counsel, the Court held a status conference on May 12, 2022 and instructed Plaintiff about discovery requirements, scheduling order deadlines, and her obligations to prosecute the case, including a medical release for her records. *See* ECF Nos. 24; 37 at 2–3. The Court subsequently issued a scheduling order that set the deadline for fact and expert discovery on October 12, 2022. ECF No. 27 at 2.

Between May 12, 2022 and August 12, 2022, Defendant attempted to obtain a medical release from Plaintiff numerous times by mail, phone, email, and text message. ECF No. 45 at 3; ECF No. 30-1, Declaration of Leslie Gardner in support of Defendant's ex parte application to compel Plaintiff's release of her medical records and compliance with discovery requirements ("Gardner Decl."), ¶¶ 7–24. Plaintiff also failed to provide initial disclosures, respond to Defendant's requests for production and interrogatories, or designate expert witnesses. ECF No. 45 at 3; Gardner Decl. ¶¶ 7–26.

On August 12, 2022, Defendant filed an ex parte application to compel Plaintiff to release her medical records and comply with Rules 26(a)(1), 33, and 34 of the Federal Rules of Civil Procedure to provide initial disclosures and respond to interrogatories and requests for production. ECF No. 30. The Court subsequently entered a briefing schedule. ECF No. 32. When Plaintiff failed to respond to the motion to compel, the Court issued on September 19, 2022 an order to show cause ("OSC") why it should not dismiss the case for Plaintiff's failure to comply with the Court's order to brief the motion to compel and failure to comply with the discovery deadlines. ECF No. 35. The Court warned that a failure to respond to the OSC in writing by October 3, 2022 could result in dismissal of this case. *Id.* at 6. Plaintiff did not respond to the OSC. However, also on September 19, 2022, Plaintiff filed a motion to amend the scheduling order governing discovery to allow her time to appeal the Court's denial of her requests for counsel. ECF No. 36. Her motion was denied by the Court. ECF No. 37.

On November 14, 2022, Defendant filed a motion to dismiss for failure to prosecute, or alternatively, for summary judgment (hereinafter "Motion to Dismiss"). ECF No. 45. The Motion to Dismiss was based on Plaintiff's failure to comply with federal rules and the Court's orders. *Id.* at 1–2. The Court delayed briefing on the Motion to Dismiss until the ruling on the motion to compel was issued. ECF No. 48. On November 22, 2022, the Court granted Defendant's motion to compel and ordered Plaintiff to produce by December 2, 2022 documents responsive to Defendant's discovery requests, including a release for the medical records sought.[1] ECF No. 49 at 5. Plaintiff failed to comply with the Court's order. *See* ECF No. 51.

On December 12, 2022, the Court issued a scheduling order for briefing on Defendant's Motion to Dismiss requiring Plaintiff to file her opposition by January 6, 2023. ECF No. 53. Plaintiff did not file an opposition, but instead filed a Memorandum on February 22, 2023 that did not address the Motion to Dismiss.[2] ECF No. 59.

On February 28, 2023, the Court issued an order denying Defendant's Motion to Dismiss and instead gave Plaintiff one last opportunity to comply with previous Court orders by (1) signing the medical release on or before March 14, 2023 and (2) producing documents responsive to Defendant's discovery requests[3] on or before April 4, 2023. ECF No. 60. The Court warned Plaintiff that a failure to timely comply with either requirement would result in dismissal of this case with prejudice for lack of prosecution

---

[1] The Court also discharged the September 19, 2022 OSC as moot based on the pending Motion to Dismiss. ECF No. 49 at 5.

[2] Plaintiff's Memorandum contains, *inter alia*, her continued frustration with the Veterans Health Administration, frustrations about the Court's denial of her request for a court-appointed attorney, and her reiteration that the medical release sought from her is too broad. ECF No. 59.

[3] These included initial disclosures, interrogatories, and requests for production, which were attached as exhibits to Defendant's August 18, 2022 Ex Parte Application to Compel Plaintiff's Release of her Medical Records and Plaintiff's Compliance with Federal Rules of Civil Procedure 26(a)(1), 33, and 34. ECF No. 30.

and failure to comply with the Court's orders pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent power to control its docket. *Id.* at 5. On April 7, 2023, Defendant filed a status report indicating that Plaintiff failed to comply with either of the two requirements in the Court's February 28, 2023 order. ECF No. 61.

## II. LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a lawsuit "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Such a dismissal operates as an adjudication on the merits. *Id.* Additionally, courts have an inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and may dismiss a case sua sponte for lack of prosecution or failure to comply with any order of the court. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citation omitted).

When considering whether to dismiss a case for lack of prosecution, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Id.* (citation omitted).

## III. DISCUSSION

Previously, the Court found that in weighing the factors, dismissal for lack of prosecution was not warranted, but the circumstances have changed. In the Court's February 28, 2023 order, it found the first three factors weighed in favor of dismissal due to Plaintiff's failure to cooperate in discovery and comply with the Court's orders, which unnecessarily delayed the case and prejudiced Defendant. ECF No. 60 at 4. Despite this finding, the Court found factors four and five outweighed the first three, primarily because the Court found a less drastic sanction available in the form of an order to comply with

previous Court orders within a set amount of time or risk dismissal with prejudice. *Id.* at 4–6. The Court noted that Plaintiff's compliance with the order would allow the case to proceed on the merits. *Id.* However, Plaintiff failed to comply, and consideration of this action changes the weighing of the factors.

The Court finds the factors now weigh heavily in favor of dismissal for lack of prosecution. Plaintiff's failure to comply with the Court's February 28, 2023 order signals a disinterest in prosecuting this case, and the Court has no less drastic alternatives left. *See Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (finding that granting additional time to comply with a court order after a party has disobeyed the order to be a less drastic alternative to dismissal), *superseded by statute on other grounds as recognized in Ronconi v. Larkin*, 253 F.3d 423, 429 & n.6 (9th Cir. 2001). Monetary sanctions would be ineffective because Plaintiff is proceeding *in forma pauperis*, and evidentiary sanctions would also be ineffective when Plaintiff has ceased litigating and has allowed discovery deadlines to pass without participation. The first three factors remain in favor of dismissal for the same reasons the Court noted in its February 28, 2023 order: the continued delay of the case caused by Plaintiff's lack of cooperation in discovery and lack of compliance with orders has prejudiced Defendant and prevented an expeditious resolution of litigation to both the public's and the Court's detriment. *See* ECF No. 60 at 4; *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (citation omitted) ("A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."); *Ferdik*, 963 F.2d at 1261 (finding first two dismissal factors supported the district court's dismissal for lack of prosecution because the case "dragged on for over a year and a half before it finally was dismissed"). Although public policy favors disposition on the merits, this lone factor is outweighed by the weight of the other four factors favoring dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citation omitted) ("We may affirm a dismissal where at least four factors support dismissal . . . .").

## IV. CONCLUSION

Because Plaintiff failed to comply with the Court's February 28, 2023 order and previous orders, the Court finds it appropriate to **DISMISS** the case **WITH PRJEJUDICE** for lack of prosecution and failure to comply with the Court's orders pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent power to control its docket. *See Link.*, 370 U.S. at 629–31; *Ferdik*, 963 F.2d at 1260. The Court **DIRECTS** the Clerk of Court to enter judgment and close this case.

**IT IS SO ORDERED**.

Dated: April 12, 2023

Honorable Linda Lopez
United States District Judge